## G. W. BOONE *v.* A. D. McJUNKIN.

SUPREME COURT PRACTICE.  *As to fact arising after rendition of judgment.*
    This court cannot reverse the judgment of an inferior court for any fact aris-
    ing after the rendition of such judgment.

APPEAL from the Circuit Court of Chickasaw County.

HON. J. W. BUCHANAN, Judge.

G. W. Boone, the trustee in a deed of trust given by A. D.
McJunkin in favor of one G. W. Cole, a merchant, took possession
of certain property belonging to McJunkin ; thereupon McJunkin
sued out a writ of replevin to recover the property.    Boone
claimed the right of possession to the property by virtue of the
deed of trust, and that before the suing out of the writ of replevin .
he had turned the property over to the *cestui que trust*, G. W.
Cole, to satisfy McJunkin's indebtedness to Cole.    On the trial an
account of G. W. Cole against appellee was introduced to show
this indebtedness.    Many items on this account were objected to
because the articles were sold by Cole at a time when he had no
license to do business as a merchant.    The court directed the jury
to disregard all items for articles sold from the 1st of February to
the 14th of March, 1884, the time during which Cole was without
such license.    The jury found for the plaintiff in replevin, and the
defendant appealed.    An act, approved March 12, 1886, entitled,
" An act granting relief from the penalties imposed, and to render
enforceable certain contracts under § 589, Code of 1880," was
passed, and appellant filed here an affidavit and the sheriff's tax
receipt to show that G. W. Cole had brought himself within the
provisions of that act, and asked this court to reverse the judg-
ment on the ground that the direction of the court below to the
jury to omit certain items in the account of Cole was wrong.
There were other objections urged which need not be stated.

*W. R. Harper*, for the appellant.

The direction of the court to the jury, that certain items
in the account be omitted, was clearly wrong in the present state
of the law, if the " Merchants' Relief Act" be valid.    A suit

is pending as long as it is in the hands of the courts; as long as some question of law or fact remains to be determined; as long as the courts have control over the cause and the parties. It needs no argument to show that this law was intended to apply to all cases, whether the suits were instituted before or after its passage, and whether pending in a lower or appellate court. It is, moreover, the duty of any court, when called on to settle a dispute, to apply the law as it stands at the time such court is so called upon, without regard to the state of the law when previously determined by some inferior court. *V. & M. R. R. Co.* v. *Musgrove,* 50 Miss. 677.

Cooley in his work on Constitutional Limitations, p. 471, says: "If a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when its decision is rendered."

The affidavit is not intended as evidence in its strict sense, but simply as a means or argument to show this court that legal principles now incorrect, because changed by the lawmaking, power, were evoked in the trial below.

*W. R. Harper* also argued the case orally.

*R. P. Williams,* for the appellee.

The liability of appellant has been determined by a court of competent jurisdiction under the law then in force. Admitting the constitutionality of the act of March 12, 1886, it cannot certainly avail the appellant in this case.

*Berry* v. *Doty,* 5 Wis. 603, in which the court said that an act of the legislature could not operate to impair or defeat rights which had become judicially established under the law as it at the time stood, they were *res adjudicata,* and not subject to legislative appeal.

To apply the act of 12th of March, 1886, to this case would certainly be giving it a scope never contemplated by the legislature. It would, to say the least of it, be *mixing up* a little the functions of our legislative and judicial departments of government. The constitution says, art. vi, § 1, that "the judicial power of the State shall be vested in a supreme court, and such other courts of law and equity," etc. It would be giving the appellant a new

trial where he could not have been entitled to the same under the law in force when the trial was had.    This defense does not set up any error in the court below, and this court cannot now let it in. We object to the *deposition* attempted to be filed in this case, because we did not have the statutory notice, and had no opportunity of being present to cross-examine the witnesses.

*R. P. Williams* made an oral argument also.

*W. T. Houston,* on the same side.

Since the appeal was prayed for, an affidavit has been filed to the effect that G. W. Cole, the beneficiary in the deed of trust, had, since the decision of the case, paid thirty dollars for the privilege tax for the years 1883, 1884, and 1885, under the act of March 12, 1886.    The court will remember this is an action sounding in tort against Boone, and I submit that nothing that Cole could do after the fact and after judgment against Boone could make rightful what, as between plaintiff and defendant, was unlawful when done.    If at the time Boone seized the property Cole had no claim against (plaintiff) appellee, an after-acquired claim could not avail (defendant) appellant.    This is a stronger case than that of *Phœnix Ins. Co.* v. *Pollard,* submitted at this term against, first, the constitutionality of the act of March 12, 1886, and, second, its application to the case.    This is a question of tort merged into a judgment, and Cole is not a party thereto.

Cooper, C. J., delivered the opinion of the court.

We know of neither an authority nor a principle upon which we can try on appeal the existence of a fact which has arisen since the judgment in the court below, or upon which the alleged fact, if now found to be true, would warrant a reversal of a judgment right when it was rendered.    This court can only reverse a case erroneously determined by the inferior court; a judgment right when rendered is not subject to reversal because of any fact arising after its rendition, and which, if it had existed at the time, would have produced a different result.

*The errors assigned on the action of the court below are not maintained, and the judgment is affirmed.*